UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DOUGLAS KEITH WHITEHURST,
   Plaintiff,

vs.                                                   No. 14-1346

STATE OF ILLINOIS, et al.,
   Defendants

MERIT REVIEW ORDER

This cause is before the court for merit review or the Plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, claims the State of Illinois, Tazewell County, the Tazewell County Courthouse, the Tazewell County Jail and the Tazewell County State's Attorney's Office violated his constitutional rights.

The Plaintiff says in September of 2012 he was arrested by a Bloomington Police Officer based on his failure to appear for a court date in Tazewell County, Illinois. The Plaintiff says he remained in jail for eight days until it was discovered that the State's Attorney's Office never provided notice of the court date.

The Plaintiff says while he was in the Tazewell County Jail, he did not receive his psychotropic medications and he did not receive proper care for other medical conditions. The Plaintiff says he was illegally detained and his constitutional rights were violated during his eight day incarceration.

There are several problems with the Plaintiff's complaint. First, the Plaintiff has not identified a proper Defendant. For instance, a jail and a courthouse are buildings, and not a "person" amenable to suit under § 1983. *See Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993). The Plaintiff also cannot sue the State of Illinois pursuant to § 1983, nor has he stated any involvement by a state official. Finally, the Plaintiff has not articulated a claim against Tazewell County or the Tazewell County States Attorney's Office. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

Second, the Plaintiff has failed to clearly articulate a claim based on his arrest and dentention. A state prosecuting attorney is absolutely immune from suit under § 1983 for those activities "intimately associated with the judicial phase of the criminal process." *Imbler v Pachtman*, 424 U.S. 409, 727 (1976). "With respect to the erroneous arrest warrant, even assuming that the defendant was responsible for procuring the warrant, he is entitled to immunity." *Walton v. Lyons*, 962 F.Supp. 126, 129 (C.D.Ill.,1997*); see also See Pena v. Mattox,* 84 F.3d 894, 896 (7th Cir.1996); *Burns v. Reed,* 500 U.S. 478, 491–92, 111 S.Ct. 1934, 1941–43, 114 L.Ed.2d 547 (1991).

It is possible the Plaintiff may be able to articulate a claim based on the lack of medical care he was provided during his stay at the Tazewell County Jail. However, the Plaintiff has not provided enough facts to articulate a claim. In order to demonstrate a constitutional violation, the Plaintiff must clearly allege he suffered from a serious medical condition and a specific, named Defendant was deliberately indifferent to that condition. *Farmer v Brennan*, 511 U.S. 825, 834 (1994). The Plaintiff is advised that inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of

treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar*, 112 F.3d, 262, 267 (7th Cir. 1997).

If the Plaintiff wishes to file an amended complaint clarifying this claim, he must first identify who he specifically asked for medical care, but refused or delayed that care. He must also identify what specific medical condition he suffered from, what care he needed and how the denial impacted his condition. *See Donald v Cook County Sheriff's Dept*., 95 F.3d 548, 555 (7th Cir. 1996)("district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim.")

IT IS THEREFORE ORDERED that:

1) The Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

2) The court will allow the Plaintiff one opportunity to amend his complaint to clarify his claim involving medical care at the Tazewell County Jail. The clerk of the court is to provide the Plaintiff with a blank complaint form to assist him. The Plaintiff must file his amended complaint on or before December 19, 2014. If the Plaintiff does not file his amended complaint by this deadline, or does not file the court's directions, his case will be dismissed.

3) The clerk of the court is to reset the internal merit review deadline to January 2, 2015.

Entered this 12th day of November, 2014.

                                                   s/ James E. Shadid
                                     _____
                                                    JAMES E. SHADID
                                         UNITED STATES DISTRICT JUDGE